There is number 231675, Universitas Education, LLC versus Lillian Granderson. At this time, would counsel for the appellant, please introduce herself on the record to begin. Good morning, your honors. My name is Elizabeth Mulvey. I'm here today representing the appellant, Lillian Granderson. With the court's permission, I'd like to reserve two minutes for rebuttal. You may. Thank you. In May of 2023, the district court appointed Lillian Granderson as, quote, the successor to her deceased son, Jack Robinson, who died unexpectedly some six years earlier, five and a half years earlier. Two months later, Ms. Granderson, who was a successor, and I use that in quotes, was on the receiving end of a $92 million default judgment. The appellant is here today challenging both of those rulings, the substitution and the entry of default judgment. The papers in this case are full of pejoratives, which I would suggest are delightfully citation-free. And if you look at the citations that do exist, they don't prove the points asserted. This is a case in which neither Mr. Robinson nor Mrs. Granderson has ever had a hearing on the merits. There has been no decision that Mr. Robinson did anything wrong. And in fact, this case is a spinoff from litigation that Universitas has brought up and down the East Coast in a number of courts against a number of parties. And it was only when none of that succeeded that they focused their attention on Mr. Robinson, who was counsel for one of the entities of the defendant at issue in the center of this whole thing. May I ask you, one of the things I'm struggling with in this case is whether a number of your clients' arguments have been forfeited or waived. So, for example, when she was substituted in, she didn't object to the motion for substitution until after the district court entered it, even though her lawyer had appeared in April and then the motion was filed shortly thereafter. So can you just address some of the forfeiture and waiver issues and the standard of review that we have to apply given those issues? I think the standard of review is an abuse of discretion, and I recognize that that's a difficult standard, but I think there was activity that demonstrates an intent to contest this. It's far from clear when, whether, and with what Mrs. Granderson was served in April of 2023. There is a sheriff's return that says it was left at the gatehouse and left in the hall, but there's also a representation by the attorney that Mrs. Granderson never received the papers. But is there any evidence in the record that she was served prior to April of 2023 or March of 2023? Not that I have seen, Your Honor. There's, at least in this case, there was some proceedings in Florida as part of the effort to get her testimony, and she appeared and defended there. But wasn't her counsel served? So an attorney appears at a hearing in April, and then the motion for substitution is filed, I think, just a week or so afterwards. There's a due date under the rules for an opposition, and no opposition is filed. Was her attorney, the attorney that appeared at the April hearing, served with a copy of the motion for substitution? That doesn't appear in the record. I don't know because I'm not that attorney, but I don't see evidence of that. And frankly, given that the attorney said, well, first of all, I'm not sure service on the attorney when the person isn't a party constitutes service. My understanding is that when somebody isn't a party, you have to serve that person unless the attorney is authorized and agrees to accept service. So I'm not sure. I'm sorry, what was the form of the attorney's appearance at that conference? Was there a special entry of appearance, or did counsel just show up and participate? Or what exactly was her formal role at that point? I think she sort of showed up and participated. There had been a motion by Mrs. Branderson earlier to intervene as a non-party, which was eventually denied by the district court. And my understanding, although I admit the record is far from clear on that and many other points, is that she showed up sort of as an interested party, but Mrs. Branderson was not a party at that point. I think the thing that really stands out in this case, though, is the extraordinary delay and bad faith on the part of the plaintiff before Mrs. Branderson ever got involved. There was a suggestion of death filed five days after Mr. Robinson died. So the plaintiff was well aware that he had died. Until April of 2019, a year and a half later, there was no effort whatsoever to make a substitution. Now, I know as a plaintiff, it's a headache when your defendant dies, but there's a way to deal with it. You can go to the probate court, you can get a public administrator, you give notice to everybody, and you get it done if you really want to sue the person. They did nothing until April of 19. But if you give them the benefit of the doubt, they admit that as of They knew that there was a will, they knew Mrs. Branderson was the punitive executor, and that there were two substitutes should she choose not to serve. They then waited another four years before making the motion to substitute. Who were the two substitutes? I'm sorry? You said there are two substitutes should she choose not to serve? There were two alternative executors. Who were those? One was a relative and one was his companion. Ms. Cousin, is that who you were? I believe so. In that interim, rather than making a motion to substitute, I would suggest that Universitas took actions that evidenced an intent to circumvent, specifically two things. One, filing a motion for summary judgment in the fall of 2019, when they knew the defendant was dead. Of course, nobody's going to appear and defend. And second is moving for default judgment in 2021 and getting a default on the basis that Mr. Robinson and the representation in the brief that that default was filed against the estate is not correct. Okay. Let me just ask you about that. Did you, has Mrs. Branderson appealed the original entry of default that was filed under Rule 55A against Mr. Robinson? That wasn't a final judgment and she wasn't a party and it didn't run against her. So the answer is no. Okay. I'm sorry. Go ahead. Is she challenging any of the substantive allegations on the underlying merit? So for instance, do you agree that Robinson is liable for the RICO liability? No, she's never had an opportunity to do that. Nobody has. And are you contesting or did you contest the 92 million, the amount of $92 million in damages? She never had the opportunity. While the motion, the belated opposition to substitution and the court just entered default judgment without a hearing, without notice, all this thing happened in a space of two months after activity over a period of years. And that's why I'm suggesting that given the lack of any factual adjudication of Mr. Robinson's liability in this court, in the district court, or in any other court in this country, and given the extensive time and the plaintiff, and the lack of really an adequate opportunity for Mrs. Branderson to appear, then I think it was an abuse of discretion to deprive her of that right. Thank you. Judge Thompson, did you have a question? I had some confusion over the motion for default judgment. Who exactly was that served upon? I mean, I was under the impression from the briefs that that motion was actually served somehow upon the decedent, even though there was notice of death. But could you just clarify who that motion was served upon? Sure. There were two, the default versus the default judgment. And I want to make sure I'm answering the right question. The default judgment in 2023, that motion was originally served on no one and apparently later served on Mrs. Branderson, but it was filed before she was a party. I'm sorry, after injury or before injury? Before. Of the judgment? Before, while her motion to vacate and to oppose the substitution was pending. Okay, so it was served on her before. Did she file an objection when she was served with motion to enter judgment? I don't believe so. I believe she was expecting a ruling on the other motion. Okay, there was an awful lot of confusing process there. I think. But she never filed an opposition for the motion to enter default judgment. She did not. Well, now I'm confused. Default judgment. Default judgment, not entry of default. Yes, I'm talking about default judgment. Yes, right. So I have an entry of default under 55A was filed in January of 2021, but against Robinson, right? Correct. Not against Granderson. Granderson wasn't in the case then. True. And at that point, he was dead. He was dead. He had been dead. Then there's, in March of 2021, there's a move for an entry of default judgment under 55B, but against Granderson. But who was not a party. Right. Well, I'm just, I guess I'm, yeah, did the court impute somehow? Okay, I see your point. It happened. There was no hearing or anything. It just showed up in the mail. You owe $92 million. Thank you. Thank you, counsel. At this time, counsel for the appellee would please introduce himself on the record to begin. Good morning. I appraise the court. My name is Joseph L. Manson, and I'm counsel for the appellee Universitas Education LLC. And maybe I could just, I'm sorry to interrupt you, but if we could just get to the questions that we were just asking about the default judgment. Did you ever move for an entry of default under Rule 55A against Ms. Granderson? That was done, that was not done until after she was appointed the representative. So you did move under 55A against Ms. Granderson after she was appointed? Yes, Your Honor. How was entry of default served upon someone? That default, that judgment by entry of default for failure to plead or otherwise defend. How was that entered after notice had been given of the decedent's death without the appointment of a representative? I believe that notice was served on Ms. Williams, who was Mrs. Granderson's counsel. But it's all contained in our motion for default judgment. It's the history of all the service is in the record and I will be happy to provide- You're expected to be able to answer these questions at oral argument counsel. Yes. Yes. I understand, Your Honor. But it's my belief that we did serve Ms. Granderson and Ms. Granderson's counsel. Once it became clear that Ms. Granderson was a personal representative and that was done before the court entered its final judgment. Yeah, I don't see that. I don't see that in the record. And what my follow-up question was going to be is what authority do you have to support imputing the default judgment that was entered against Ms. Granderson? Because I see that you moved under 55A before she was involved against Robinson, but then I don't see that you did that later. And then I see a default judgment entered under 55B against Granderson, but without the prior 55A filing. Well, Your Honor, I think the answer is found in the procedure that's laid out by the judge in the February 7th, 2023 order. And what the judge said was that Universitas needed to file a notice of suggestion of death upon Mrs. Granderson and within 90 days, we needed to serve her with a copy of the And that's exactly what we did. Mrs. Granderson filed an opposition through counsel to the default motion. It was a two-page document that purported to incorporate by reference her motion to object to her appointment as a substituted party. But as the judge stated in his procedural order on February 7th, 2023, in footnote 2, which is page 3 of the order, Ms. Granderson's arguments with respect to setting aside the default heralded in the caption at document number 185 are unclear because they are largely unstated. She also refers, without analysis in passing, to Federal Rule 19, which addresses joinder. I do not find this reference helpful either. It is evident substitution under Rule 25 is necessary and the joinder analysis was just on the point. But how did... I still don't understand how there was an entry of default when the court knew that the person had died and that there would be, before entry of default, to be a substitution of a representative before a default, not default judgment, but a default was entered. The default order was entered after her substitution and after she had ample opportunity to object, she had two months to object to the entry of the default order. And what the judge said in the order of default, which was entered on July 12th, 2023, is that the defendant is at stake through the substituted party, Lillian Granderson, have failed to plead or otherwise defend in this action and its default having been entered. So she had ample opportunity to file her opposition to the default and she didn't do it. And what she even said in the two-page document that was filed by her counsel was that she reserved the right to file an opposition to the default judgment, but she never did it. Counsel, can I ask you just a question? Are you just basically arguing that you didn't seek to enter default again under 55A against Ms. Granderson because the district court didn't direct you to do so? Is that your argument that you're just doing with the district court? No, we don't quarrel with the judge's decision that when he denied our motions without prejudice and said refile it, you have to have a party substituted appropriately. No, we're not talking about the motion for default judgment. We're talking about the entry of the default under 55A. I think that's what Judge Montecarlo was asking. Was there ever entry of default against Ms. Granderson rather than Mr. Robinson? Not at that time. The clerk entered the order in 2021. That was before Ms. Granderson was appointed. So was there ever entry of default against Ms. Granderson? I think that's our question. A separate entry against Ms. Granderson. The order that the court entered, the default judgment order that I just referred to you, was against Ms. Granderson. Right, but the 55A was not, and I guess, and there isn't, I don't think there is any evidence in the record. So I think a follow-up question to that would be, is there any authority that supports imputing the default against Robinson onto Granderson? Do you know of any? Well, she had notice of it and she had an opportunity to oppose it and she filed a two-page opposition to the imposition of a default judgment. And what that opposition said is, I'm incorporating by reference all the objections that I had with respect to my appointment as a substituted party. And those objections focused on the fact that she claimed that the estate was insolvent, which we had evidence in the depositions that it was not. She received over $900,000 from Shadow Ridge Properties, which was a beneficiary of an insurance policy on her son's life, and she took under the will that interest. And she, in fact, had those checks and deposited those checks. So that was just a frivolous argument. But she never made any arguments on the merits with respect to the underlying RICO count or with respect to the conversion count on the $810,000 of stolen money that was shown to be transferred to Mr. Robinson. And this transfer to Mr. Robinson happened before he wrote this will. The will that is in the record is a will that he wrote on November the 10th. And in that will, he appoints Mrs. Grannison as his personal representative. The will is found in the supplemental appendix at pages 144 and 145. And he even says in there that I instruct the personal representative, who is Mrs. Grannison, to seek and rely on the advice and counsel of my good friend and longtime partner, Daniel Carpenter. Carpenter being the man who was convicted of 59 counts. Mr. Manson, I don't mean to be beating a dead horse, but I'm still trying to get some clarification on just the procedural posture of what happened below. You indicated that in 2021, there was a motion for entry of default, 55A, for failure to plead or otherwise defend. Is that correct? That's right. But the man was dead. That's what I'm not, that's what my disconnect is. He was dead and the record is clear that there was a notice of death placed in the file. So I don't understand the propriety of moving for entry of default when you knew that there needed to minimally be a substitution. Well, we had to refile it, Your Honor, and we did refile it. The 55A? Yes. When? Could you point us to the record where once there was a substitution, there was a renewed motion for entry of a default? Which may be, and maybe I'm just missing it, but it could help us out here at Oral Argument. Well, let me just check my chronology just for one minute and see if I can find it. It was done on May 12th, 2023. Universitas moved for the default judgment and Ms. Grattis had filed the opposition.  Under 55B, not under 55A, which was Judge Thompson's question. Your Honor, I frankly don't recall. I'd have to look back at the document. Thank you. Thank you. Thank you. Thank you, Counsel. At this time, would Counsel to the Appellant please reintroduce herself on the record? She has a two-minute rebuttal. Thank you, Your Honors. Elizabeth Mulvey for the Defendant Appellant. The answer is there was never a 55A default entered against Ms. Granderson in any capacity, nor was there a request for such a default at any time after she became a party. The only default was the one filed in January of 2021, which was issued by the clerk and not surprisingly returned as undeliverable. Counsel, was it though your client's obligation once the motion for entry of default judgment was filed to object to that on the ground that default had never been entered against her? Well, I think that's where the motion, the response to the motion to substitute and to vacate, which as Counsel just noted, reserved the right to defend against the default judgment. I think, and I see where there's plenty of opportunity for confusion, was the expectation was that the judge would rule upon that and that pending that ruling, there would be some sort of hearing or proceeding about default judgment. I don't think anybody expected that a $92 million default judgment was just going to enter out of the blue. I'm sorry. Can you say that again? Your client's understanding was after she filed her objection to the motion for substitution or motion to vacate because it was after the fact, but that would be ruled on first? Yes, and because she specifically said she reserved her right to object to the default judgment there. But then she never filed anything further. Well, the motion to substitute or the vacate was denied in the same day as the default judgment, so there wasn't any time in between. Can I ask you something else? When we were speaking about the lawyer that appeared on your client's behalf in April, I think it was April 12th, 2023, when the status conference was held, just looking at my notes and please tell me if I'm wrong, that the lawyer had entered an appearance, had been admitted into the case pro hoc by that point. Is that incorrect? That's certainly possible. I frankly just don't remember because she wasn't, Mrs. Granderson wasn't a party. So my understanding is that if she's there as a representative of a non-party, that doesn't affect service on Mrs. Granderson. No, I understand it doesn't affect service on her, but I just wanted to understand if she had somebody in the case representing her at that hearing and you just don't remember? I don't remember. I know she's had people at various points when she was seeking to intervene as a non-party. So certainly there were lawyers in and out at various times. Thank you. Thank you very much. That concludes argument in this case. All rise.